PHILIP HARTMAN, Appellant, *v.* JNO. C. VOGEL, Respondent.

*Fraudulent Conveyances—Goods and Chattels—Possession by Vendor.*—As to creditors and subsequent purchasers in good faith, the presumption of fraud, raised by the continued possession of goods and chattels by the vendor after sale, will be conclusive unless it be made to appear to the jury on the part of the person claiming under such sale, that the same was made in good faith and without any intent to defraud creditors or subsequent purchasers. When the fact is shown that there was no actual and continued change of possession, the burden of proving the good faith of the sale rests upon the claimant. (R. C. 1855, p. 805, § 10.)

*Appeal from St. Louis Circuit Court.*

The plaintiff prayed the following instructions, which were refused:

1. If the jury believe from the evidence that plaintiff, Philip Hartman, had endorsed some promissory notes for Hugo Wehrfritz to the amount of $2,000 to secure a debt or debts due by Wehrfritz alone, and that after he had so endorsed such notes the said Wehrfritz sold to said plaintiff Hartman, among other property, the property described in the petition for the purpose of securing said Hartman against any loss or damage which might arise out of his endorsement of said notes, and that said Hartman so received said property and afterwards paid said notes, and that there was no confederation between said Hartman and said Wehrfritz to defraud creditors of said Wehrfritz, then the jury will find for plaintiff for the possession of said property.

2. The jury are instructed that to render a bill of sale void as to creditors, the sale must have been made by virtue of confederation and combination between the seller and buyer to hinder and delay or defraud the creditors of the seller; and if the jury believe from the evidence that no such combination or confederation existed between said Wehrfritz and said Hartman, but that Hartman purchased said property for an adequate valuable consideration, with the view only of securing his own claim against said Wehrfritz, then said bill of sale is good against any creditors of said Wehrfritz, and plaintiff is entitled to recover in this suit.

The defendant asked the following instructions, which were given :

1. Although the jury may believe from the evidence that the plaintiff, prior to the sale in question, had advanced $200 to Wehrfritz, and had endorsed two notes for him amounting to $2,000, and on that account and in consideration thereof the said Wehrfritz made to plaintiff the bill of sale read in evidence ; yet if the jury believe from the evidence that, after said sale, said Wehrfritz continued in the possession or had control of said property, then the jury shall presume said sale to be fraudulent and void as to the creditors of said Wehrfritz, unless they are satisfied that the same was made without any intent to hinder, delay or defraud creditors. And the jury are further instructed that the burden of proving said sale to have been made in good faith, and with no intention to hinder, delay or defraud the creditors of Wehrfritz, devolves upon the plaintiff in this case.

2. If the jury find for the defendant, they will find the value of the property taken, and the damages for the detention of the same, each separately.

Of its own motion, the court gave the following instructions :

1. The court instructs the jury that a debtor, even though he may be in embarrassed circumstances, has a right to prefer his creditors and make provision for the payment of any one, or a part of his creditors, without providing for the others ; and if the jury believe from the evidence that Wehrfritz was justly indebted to said Hartman at the time of the execution and delivery of the bill of sale given in evidence, in the sum of money specified in the bill of sale, or thereabouts, and that said bill of sale was made in good faith by said Wehrfritz, and delivered to and accepted by said Hartman, together with the property therein conveyed, for the *bona fide* purpose of paying said amount so due and owing by said Wehrfritz to said Hartman, then there was a sufficient consideration

for said bill of sale, and said plaintiff Hartman is entitled to recover in this suit.

2. If the jury believe from the evidence that at the time of the commencement of this case the plaintiff was the owner of the property for which suit is brought, then the jury will find for the plaintiff.

*F. & L. Gottschalk*, for appellant.

*Bakewell & Farish*, for respondent.

FAGG, Judge, delivered the opinion of the court.

The appellant Hartman commenced his action against Vogel in the St. Louis Circuit Court under the statute relating to the claim and delivery of personal property. At the time of the institution of the suit, Vogel was the acting sheriff of St. Louis county. The property sued for consisted of certain goods and merchandise shown to have come into his possession by virtue of a writ of attachment levied upon the same in favor of James Reilley and against one H. F. Wehrfritz. Hartman claimed to be the owner of the goods in question by virtue of a bill of sale executed to him on the same day of the levy by the sheriff. This bill of sale purported to convey the entire stock then in the store of Wehrfritz, in consideration of the sum of $2,000. The testimony on the part of the defence all went to show most conclusively that from the date of the execution of the bill of sale up to the 20th of February following, there was no change of the possession of the goods. Wehrfritz continued to occupy the same storehouse, doing buisness in his own name, as he had formerly done, and selling off the identical stock that he had conveyed to Hartman. At the last mentioned date he sold the entire stock then remaining on hand to one Luffort, and executed a bill of sale to him for the same. There was testimony for the plaintiff in rebuttal tending to explain the sale of a part of the goods by Wehrfritz after the bill of sale to Hartman had been executed, and to show that the consideration expressed

upon the face of it was a debt actually due on account of money paid by the plaintiff to the use of Wehrfritz.

Upon such a state of facts, it is manifest that the only question for the jury was whether the sale made to the plaintiff was a *bona fide* transaction, or a mere cover to shield the property of Wehrfritz from his creditors. The 10th section of the act in relation to fraudulent conveyances (R. C. 1855, p. 805) has been sufficiently interpreted by the former adjudications of this court. There can be no question under this statute, that as to creditors or subsequent purchasers in good faith the presumption of fraud raised by the continued possession of the goods and chattels by the vendor after sale will be conclusive, "unless it be made to appear to the jury on the part of the person claiming under such sale, that the same was made in good faith and without any intent to defraud creditors or subsequent purchasers." When the fact is shown, therefore, that there was no actual and continued change in the possession of the property, the burden of proving the *bona fides* of the sale rested upon the claimant. The instruction given upon this point at the instance of the defendant constitutes the chief ground of complaint on the part of the appellant. The facts necessary to be proved in order to place the *onus* upon the plaintiff were hypothetically stated and the instruction so framed as to make it unobjectionable. The words "hinder or delay" in addition to the word "defraud" could not vitiate the instruction. The answer averred in terms that the claim set up by plaintiff to the property sued for was fraudulent and made for the purpose of hindering and delaying the creditors of Wehrfritz.

The instructions all taken together placed the law of the case fairly before the jury, and we see no error in the refusal of the two instructions asked for by plaintiff.

The instructions given for the plaintiff stated the issue properly and in terms sufficiently plain and simple to prevent any confusion in the mind of the jurors. Those that were refused contained substantially the same declarations of law,

37—VOL. XLI.

State ex rel. Allen v. St. Louis Circuit Ct.

but in a different form, and were based upon a hypothetical statement of facts likely to mislead and confuse the jury.

With the concurrence of the other judges, the judgment will be affirmed.